The next argued case this morning is number 15 1931 in rail F Centennial Limited, Mr. Stockwell. Thank you for having us here today. We're here to dispute the claim construction that the board interpreted for the term spine in the 311 patent during the in a part days reexamination. We believe they made an error in omitting the ordinary meaning of it and proceeding on to finding that it essentially didn't have any meaning. And from there, only looking at what the specific limitations were in the claim term itself. And in the claim language itself, it didn't provide a location for the spine. And because of that, they said a spine could be interpreted to be a leg or in another position on the console. We believe that the board was overly reliant on district court claims instruction in related patent litigation for that. The 311 patent that was later settled and dismissed. Do I understand right in the district court? There were proposed constructions and just correct everything I'm about to say that needs correction. There were proposed constructions and constructions about short spine and long spine, but not of spine. Correct. OK, so you didn't say anything one way or the other about what the ordinary meaning of spine is or in even what that word means in the context of a specification that distinguishes a spine from a leg. No, there was nothing in the litigation. It was it was assumed to be inherent. All of the defendants in there had similar configured products. Right. I mean, we're at the time of the claim construction in the district court litigation. I'm not sure the answer to this question matters, but you've explained, I think, that infringement was at issue. Was validity at issue at that stage of the case, including the possibility of. I think validity was, but the re-exam is going on and I don't think it ever got there. They did a claim construction. I think from the claim construction, they were going to move on to do summary judgment motions. So the case terminated. The fact that the accused products in that case clearly had a central spine in which the location was not at issue doesn't mean that the question of location would not have been at issue in the litigation because invalidity might have brought up that question in exactly the way it was brought up in this proceeding. Possibly. But we never got that far. No motions were filed for. And that's because the definition of the term spine was simply not at issue. Right. And it was just inherent. They just went with spine and then they focused on other limitations that they thought they could import into the construction of a short spine or a long spine. Particularly whether they had to be used, they could be used together or they had to be used interchangeably. The 311 patent, it shows the short spine being used in the console mount configuration and the long spine being used in the configuration where it's mounted on the XYZ frame directly to the long spine. And some of the other infringing products, some of them had a configuration where they would have the short spine again on the rear of the console and they would bolt on a long spine directly to the short spine. And part of their infringement arguments were in the claim construction in the district court context where it had to be used interchangeably. And so that was the whole focus of the claim construction there. At least for those terms. There were a lot of other terms that were being construed in that patent. In fact, there's like 20 or so terms. There was quite a few of them. In any case, the term spine itself evokes a mental image. The board recognized that it had this metaphor to anatomy. And anatomy is used frequently in a lot of different areas, including the furniture art. Legs is mentioned in our brief that we're all familiar with. Arms have chairs. I mean, chairs have arms. And chairs can even have things like ears. And tables can have things like wings. And it's not unusual to have anatomical references. Right, this may be a curious. Chairs can have ears? Yes. What's that? These don't have them. But if they had, objection. Those are called ears. Thank you. And so using anatomy in engineering is used frequently. It's not unusual. It has a mental image that evokes. And the term spine, its ordinary meaning, its backbone, we're familiar where it is. And the board said because we didn't have enough description of where it should be located, it wasn't going to give it its ordinary meaning. It was going to look for a separate definition in the patent. The patent doesn't have a strict definition. All it has is the drawings showing its location. And it has a description showing that the television happens to be mounted forward at the spine. I want to make sure I understand. What construction are you urging in place of the board's construction? That it just simply not be construed as a leg. I think a person of ordinary skill in the art would not mix up a leg with a spine. You could go a step beyond that and say that it has to be on the back and centrally located, like it would be on a human being or an animal. Was that what the board was asked to decide, just to leave it alone? We asked both. But we also went further and said, you know, when you think of spine, it's on the rear and center. Was a construction offered that could have been adopted or in the petition of the other side, was a construction presented that was more precise? It was an argument that a person of ordinary skill in the art wouldn't mix up the leg on Saxton with the short spine as disclosed in the 3011 patent, simply because of that positional connotation of the term spine. Just explain to me if this is wrong. Because this is not an inter-parties review, an IPR, there was no kind of separate claim construction briefing. Claim construction was argued about in the context of the rejections, and you said this prior art, there's only one way you find a spine there, and that's to say that the spine can be the leg and that simply cannot be. And that doesn't make sense. So that was sort of implicit. Right. So we didn't actually have proposed claim constructions. We just argued you wouldn't mix this up. Someone wouldn't look at Saxton and say its legs are equivalent to spines. And then, yeah, that's really the district court claim construction is in that regard, it was taken out of context by the board because it relied heavily on that. This is what you said at the board. I'm not going to allow you to change your position there, but it's really not what it was about because of the context of litigation. It was about that interchangeability. All the accused products have that center rear mount location. The term spine itself evokes that. It has a definition of that that's common knowledge, and it makes sense that way. So the normal claim construction should have stuck with the ordinary meaning. The board didn't need to go step down and say, okay, did you specifically define it? We're not going to give it its ordinary meaning because of the metaphorical meaning that you've given it. I don't have—the board said it didn't have evidence of that in the case. Mr. Stocker, is it your position that we should articulate a claim construction? No. I think it should be sent back saying that a Saxton leg, a person skilled in the art, wouldn't confuse a Saxton leg with a short spine or with the term spine. The spine evokes a metaphorical— You're saying we don't need to state a claim construction for the term for a short spine. Well, this is in the context of inter partes reexamination, and it's the art we're looking at. The term spine itself, it's not really a claim construction. I guess you are construing the term, but it would be—it would have to have a center rear mount on the console. Just to be sure that I understand, this was an inter partes proceeding in the office. Inter partes reexamination. But it was earlier than the America Invents Act so that you had the right to amend the claims as of right without the permission or the authorization of the board. And this really what seems curious is why whatever it was that was bothering the board, that your claim was too broad, could not have been remedied by amendment to somehow place the spine where spines logically appear? It is possible, or it could have been possible at the time to amend the claims during the first round of prosecution at the patent owner's response, but we didn't think it was necessary. The term spine had a meaning, and it had a common sense meaning, and it didn't need to have— That's strange. I mean, let's say that we agree, it does seem reasonably clear that the board said the spine includes these things which are really the legs on the side because your claim was stated too broadly. And if we were to send it back, wouldn't you have exactly the same situation? Not if you said it couldn't be equated with a leg because I don't think there's any other prior art out there that has it located where the spine is. So that at that point, the claim should be allowed and the patent should reissue from the reexamination. Is there any distinction between saying, look, Saxton doesn't have a spine, so the anticipation rejection just needs to be reversed, and the obviousness rejections. Is there a basis for saying, since Saxton doesn't show this, that that can't be anticipatory, but is there a basis for our leaving open for a remand whether an obviousness case— There wouldn't be because the only other reference, the Pfister reference, is mostly about the tilt-pan mechanism on the TV holding structure, the XYZ frame. And so the obviousness combination there was Pfister's tilt-and-pan mechanism to Saxton's TV console configuration. Pfister itself does not have a television console, and there was no other prior art that has that configuration that would be better than what Saxton already is. Okay, let's hear from the director, and we'll save you rebuttal time. Mr. Fulman. Thank you. May it please the Court. We understand that certain anatomical terms are used to refer to components of furniture. There's the foot of the bed, the leg of a table, the arm of a chair. While people would understand that, for example, a chair doesn't literally have an arm, they would understand what the arm of a chair refers to. To the contrary here, there's no evidence that the spine of a TV console is one of these commonly understood terms. But isn't there a point at which the common meaning takes over? Instead of pointing to the legs of this device and saying, well, that could be a spine, it seems very strange. Well, I think if you look at the patent, you can see that through both the claim language and the specification, they really equate the functionality of a leg to the functionality of a spine. The patent has a clear picture of a spine going up the middle of the back where spines go? Correct. The one embodiment of the shown in the figures has the first short spine. It's the embodiment. It's the preferred embodiment. It's the only embodiment. Isn't that how claims are construed? This Court's precedent has said that even if there's a single embodiment shown in the specification It depends in a particular case. If you look at this case, it talks about a spine, a very simple structure. And there it is. You say, no, we're going to include the legs. I think you need to look at both the claim language and other portions of the specification. For example, the claim language defines the first short spine as extending from the floor to the top shelf and attaching to each shelf and providing structural support. That's what a leg does. The specification echoes that at page A53 in the appendix, column 2, starting at line 4. It describes the first short spine, and it says the exact same thing. The first short spine extends from the floor to the top shelf, attaches to each shelf, provides structural support, just like the legs or what they call the side panels. And again, on page A55 I'm sorry, but why in the world would one think that these separately named pieces, which share at least one common feature, start at the floor and they go up, are for that reason the same? Well, the claim doesn't recite legs. This is side panels, same thing. Side panels, exactly. The claim is silent with regard to side panels or legs. So I would agree that possibly if the claim had included two separate items, there may be an issue with saying that both of these separate items are the same thing. But here, claim 1, all it says is first short spine, and it says the first short spine provides structural support, extends from the floor to the top. So that's what we're left with. If they wanted to Why is that not like saying your left leg extends from the floor to your middle, so does your right leg, so your left leg must include your right leg? Well, I think the difference is that there's a well-understood common sense meaning to left and right, whereas everyone knows Same for spine. Well, not – I mean the problem is that – so you're saying – they're saying, well, okay, in a person your spine is your backbone, it's in the back center, therefore in a table, a console, it should be in the back center. But there are other attributes of the spine that they're not equating over. I mean, your spine is hollow, and claim 1 at least does not require a hollow spine. Your spine has a very specific shape with vertebrae that's cartilage between. No, there's a picture. They're not taking that. The picture in this specification is not of a human spine. It's of the support going up the back of a device. So to say that it's got to be hollow with vertebrae is, I think, a stretch. Well, what I'm saying is that they're taking this one specific attribute of a human spine and saying that use of the word spine translates that attribute or implies that attribute in a table. What I'm saying is there are other attributes of a human spine that they're not carrying over, and there's no explanation for why they're not carrying over. No, they have a picture of the attributes of the spine that they're claiming. But, again, that's one embodiment in the specification that the board found was not limiting, and there's no language in the specification that even comes close to limiting the claims to that embodiment. What sort of language do you think would be helpful? Like you were talking about with Appellant's counsel, if they had amended the claims to make clear that the spine is in the center back of the counsel, that would have helped. If they said something in the specification definitively that the spine was in the back center of the counsel, that would have helped. And earlier you were talking about with Appellant's counsel that they're saying now that they don't even want the term construed. In their briefing to this court, at least on page 26 of their opening brief, they assert that a spine should be construed as a centrally located support in the back of the counsel. I took Mr. Stockwell to be saying nothing other than we simply have some rejections here. If you apply the ordinary meaning, you will say you will reverse those rejections, and if you don't want to articulate a final construction, that's perfectly fine because nothing turns on it. That's correct. I was just making clear that they have a proposal. Can I just ask you, I should know the answer to this with certainty by now, but if they amended their claims, would there be some possible intervening rights problems? Possibly, yes. I'm not sure of the timing of the settling of the prior lawsuit. I don't know what other active infringement claims they have. But possible. When you amend your claims during re-exam, intervening rights is always an issue that comes up. So I think that the specification and the claims really tell you what the first short spine is, where it is, and what it does. And anything beyond that, there's really no evidence in the record to show that this specific location that they're asking for is necessary. And your point is that the legs do what the spec says the, quote, first short spine, close quote, does. Yes, and if you even look on page 855, column 5, around line 31, they say that the first short spine, quote unquote, so cooperates with the side panels 4850 to support weight carried on the upper shelves. But it requires a short spine, however. Yes, what it's saying is that the spine and the legs together are the things that are supporting the table. And so they're saying that this is the functionality of the spine, this is what it's doing, this is where it is, it goes from the top to the floor. Just like your left and your right. They cooperate with each other to support. That doesn't mean they're the same. Again, I think that it's a different situation because left and right have inherent meanings that everyone knows. They're trying to treat spine of a TV console the same as an arm of a chair. You know, arm of a chair is something that's so well known and has such an understood meaning that you don't really have to say anything more to understand what the arm of a chair is. But here we have the spine of a TV console. It's not one of these anatomical terms. It's just widely accepted to have a furniture counterpart. So if they're going to use that term, they need to provide us some clarity on what the bounds of the term are, how far that metaphor should extend. I mean, for example, here, you know, in your body, your spine is above your legs. No, you read it in terms of the specification. Exactly. And it's full of pictures of a spine going up the back. I mean, there's no dispute that the one embodiment shown has the spine in the back center, but I don't think that that's in any way limiting. They have not pointed to anything in the spec that requires that back center location. So I think that, you know, you're— Am I right? I don't remember anything, but there was nothing was there in the board, because either its original opinion or the rehearing or anywhere else, or just tell me that identified a use of the word spine that was other than, not like cactus spines or, you know, but the actual kind of anatomical image that was something other than at least central and let's say even dorsal or any way rear. No, there's nothing in the board decision that identifies— I mean, I guess that's really my problem. It seems to me that there is so strong and an ordinary meaning connotation to the term that I'm struggling to figure out where the potential reasonable broader interpretation could come from. Again, I think the claim language and the spec really tell you all the requirements of the spine, and there's nothing beyond that. There's no—I mean, they put in no evidence about what, you know, any accepted meaning of this term in the art was. They don't even put any dictionary definitions in. They're just saying, well, spine means backbone, backbone means back center, end of story. I mean, there's just a lack of evidence here that the board had to go on, so all the board had to look towards was the claims and the specification, and the claims and the specification don't tell us anything about the location other than an example of it being in the back center, which I don't think— I mean, the board didn't find it was enough to limit the term, and we don't think it's enough to limit the term. So I think there's just a—they didn't put in anything that would really give the board a sufficient reason to provide this pretty narrow construction, what they want, to avoid the anticipation rejection. So without more, I think that based on the claim language and the specification, the construction is more than reasonable. There's nothing further. Any more questions? Okay. Thank you. Thank you. Thank you, Mr. Foreman. Mr. Stockwell. I just have a couple of points. The reason we couldn't amend our claims or chose not to at the time was the litigation was still pending at the time, so there would have been an intervening rights problem. And so we went with let's keep the claims the way they are, and we'll argue them based on the ordinary meaning of the words that are there. The only thing that I think that we could have probably done, and this is in hindsight, is add a dependent claim to the side panels and to maybe add clarity. But at the time, that wasn't done. But that would have just been a dependent claim. The dependent claim would have just clarified through claim differentiation that the spine and the side panels were the same. But otherwise, without the dependent claim, the independent claim should be interpreted similarly anyway. I guess if you put a TV console or any piece of furniture in front of anybody and asked them where the spine was located on it, they'd be looking on the back, and that's just through ordinary meaning. And I think that's what this case goes back down to. And Saxton's legs wouldn't qualify. It's true that the spine in the 311 patent does provide structural support. That is an express limitation in the claim that adds to the ordinary meaning of the term. The same with that it has to support the upper and lower shelves. That's additive onto the ordinary meaning of the term spine. It goes with the interpretation of a short spine or a long spine. And that's really all I have. Are there any more questions? Okay, no questions. Okay, thank you. Thank you. The case is taken under submission. That concludes the argued cases for this morning. All rise.